```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF OREGON

LUIS FABELO,                                          CV. 05-228-ST

                Plaintiff,                        ORDER TO DISMISS

      v.

OREGON     DEPARTMENT      OF
CORRECTIONS, et al.,

                Defendants.
```

KING, District Judge.

Following the court's Order to Dismiss (docket #5) which outlined the deficiencies in plaintiff's original Complaint, plaintiff filed an Amended Complaint in this 42 U.S.C. § 1983 civil rights action. For the reasons set forth below, various claims and defendants are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff raises the following five claims against 39 defendants in his Amended Complaint:

1 - ORDER TO DISMISS

1. Plaintiff's exclusion from general education programming violates his 14th Amendment rights to due process and equal protection;

2. Defendants placed plaintiff, a Cuban national, in the same cell as a white supremacist with deliberate disregard for his safety in violation of the Eighth Amendment. Because of the cell placement, plaintiff was assaulted and continues to be housed with white supremacists;

3. Defendants refused to provide plaintiff with a grievance form in violation of his First Amendment rights;

4. Plaintiff was not given a translator "prior to arrest and subsequent court;" and

5. Plaintiff has suffered retaliation as a result of his filing this lawsuit.

Plaintiff asks the court to award him various forms of relief, including $10,000,000 in damages and his immediate release from custody.

## **STANDARDS**

As plaintiff was previously advised, notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

(B) the action . . .

  (i) is frivolous or malicious;

  (ii) fails to state a claim on which relief may be granted; or

  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

2 - ORDER TO DISMISS

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.

3 - ORDER TO DISMISS

Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I.    Exclusion from Educational Programming

According to plaintiff, he left defendant Adams' educational class without permission on at least one occasion because he was feeling ill, and was cited for performance failure as the result of his unexcused absence. He submitted a request to be placed in another instructor's class, but was again placed in Adams' class where he was subsequently expelled. It appears that plaintiff is currently being excluded from participation in the program.

Although plaintiff alleges that his inability to attend class violates his right to due process, prisoners have no constitutional right to education or rehabilitation. Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).

While plaintiff also asserts that he was excluded from his educational programming based on his race and his medical condition, the allegations in his Complaint do not support an equal protection claim. By plaintiff's own allegations, he was dismissed from his educational programming due to his unexcused absences, resulting "performance failure," and his apparent refusal to follow

4 - ORDER TO DISMISS

instructions. Petitioner does not allege that he was treated differently than other similarly situated inmates.

## II. Housing Assignment

Petitioner alleges that defendants Shebondy, Rodriguez, and Arnold were deliberately indifferent to his placement in a dangerous housing assignment where he was ultimately assaulted by an inmate affiliated with a white supremacist gang. He claims that he is still housed with a white supremacist inmate, and that defendant Andrews refuses to arrange an alternate housing assignment.[1] These allegations appear to state a valid Eighth Amendment claim for pleading purposes.

## III. Refusal to Provide Grievance Form

Plaintiff next alleges that defendants Tilden and Gore refused to provide him with a grievance form in violation of the First Amendment.[2] This allegation appears sufficient to state a valid claim for pleading purposes.

## IV. Deprivation of Translator

Plaintiff also appears to allege that he was deprived of a translator prior to his arrest and during his subsequent trial. Plaintiff does not have a constitutional right to a translator

---

[1] Although plaintiff names other individuals associated with this claim, those individuals are not named as defendants.

[2] Plaintiff also alleges that "Wallace" participated in this deprivation, but does not name him as a defendant.

5 - ORDER TO DISMISS

prior to an arrest, and any claim that he was deprived of a translator during his criminal trial challenges the legality of his conviction and, therefore, is barred absent a showing that the conviction has been set aside. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (to recover damages for harm caused by actions whose unlawfulness would render a conviction invalid, plaintiff must prove that the conviction has been reversed or otherwise invalidated).

**V.   Retaliation**

Although plaintiff also appears to assert that he suffered retaliatory measures resulting from the filing of this lawsuit, he has not provided any factual basis for such a claim, and therefore fails to state a claim upon which relief may be granted.

This case shall proceed on the following claims:

1. Defendants Shebondy, Rodriguez, Arnold, and Andrews violated plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment when they deliberately disregarded his requests to be removed from a dangerous housing assignment; and

2. Defendants Tilden and Gore violated plaintiff's First Amendment rights when they refused to provide him with a grievance form upon request.

All remaining claims and defendants are dismissed based on plaintiff's failure to state a claim upon which relief may be granted.

**CONCLUSION**

6 - ORDER TO DISMISS

This action may proceed against defendants Shebondy, Rodriguez, Arnold, Andrews, Tilden, and Gore as to the claims noted above. The remaining claims and defendants are DISMISSED based on plaintiff's failure to state a claim upon which relief may be granted.

The Clerk of the Court is DIRECTED to send a courtesy copy of this Order to Assistant Attorney General Leonard Williamson along with the Notice of Lawsuit and Request for Waiver of Service of Summons signed by the Magistrate Judge.

IT IS SO ORDERED.

DATED this   13th   day of March, 2006.

                                      /s/ Garr M. King
                                      Garr M. King
                                      United States District Judge