```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

LUIS FABELO,

                Plaintiff,

       v.                                          CV. 05-228-ST

ANDREWS,    ARNOLD,    GORE,            FINDINGS AND RECOMMENDATION
RODRIGUEZ,   SHEBONDY,   and
TILDEN,

                Defendants.
```

STEWART, Magistrate Judge.

In this 42 U.S.C. § 1983 case filed by a prisoner, defendants have filed an Unenumerated 12B Motion to Dismiss (docket #33) on the basis that plaintiff failed to exhaust his available administrative remedies prior to filing this action. For the reasons which follow, defendants' Motion to Dismiss should be GRANTED.

## STANDARDS

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any

1 - FINDINGS AND RECOMMENDATION

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner does not satisfy the PLRA's exhaustion requirement by merely demonstrating that administrative remedies are no longer available. Woodford v. NGO, ___ U.S. ___, 126 S.Ct. 2378, 2384 (2006). Instead, he must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Id. The exhaustion requirement is mandatory, even when the prisoner seeks relief not available in grievance proceedings. Porter v. Nussle, 534 U.S. 516, 524 (2002).

The failure of a plaintiff to exhaust his administrative remedies is an affirmative defense which defendants must raise and prove. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 124 S.Ct. 50 (2003). Because the nonexhaustion defense does not address the merits of the case, it is properly raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Id. When deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id at 1119-1120. If the court concludes that the prisoner has not exhausted his administrative remedies, the proper remedy is dismissal without prejudice. Id at 1120.

///

2 - FINDINGS AND RECOMMENDATION

**DISCUSSION**

The Oregon Department of Corrections ("ODOC") has established an administrative review procedure whereby inmates must first attempt to resolve disputes with staff through face-to-face, verbal communication and then a written inmate communication form. OAR 291-109-0120(2). If face-to-face or written communication does not resolve the dispute, inmates may file a written grievance. OAR 291-109-0140(1)(a). The grievance will be forwarded to the appropriate staff person for a response. OAR 291-109-0140(4). If the inmate is not satisfied with the response he receives to his written grievance, the inmate may appeal by filing a grievance appeal form. OAR 291-109-0140(5)(a)(A). The appeal is then forwarded to the functional unit manager for review and response. Id. The inmate may appeal the functional unit manager's response by filing a grievance appeal form with the assistant director. OAR 291-109-0140(5)(b)(A). The assistant director's decision is final and is not subject to further review. OAR 291-109-0140(5)(b)(D).

If appropriate, an inmate may instead pursue administrative remedies through a separate process specifically reserved for issues pertaining discrimination. See OAR 291-006-0005, et seq. If an inmate wishes to file a discrimination complaint, he must submit a written complaint to the functional unit manager within 180 days of the alleged act of discrimination. OAR 291-006-0015(2)(a). If the inmate is not satisfied with the response he receives, he is

3 - FINDINGS AND RECOMMENDATION

entitled to further review of his complaint by a person who is not under the supervision or control of the functional unit to which the inmate is assigned. OAR 291-006-015(2)(c). This decision is not subject to further review.

Plaintiff originally filed this case raising nine claims against 40 defendants. The court ultimately dismissed all of plaintiff's claims with the exception of the following (which defendants contend remain unexhausted):

1.  Defendants Shebondy, Rodriguez, Arnold, and Andrews violated plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment when they deliberately disregarded his requests to be removed from a dangerous housing assignment; and

2.  Defendants Tilden and Gore violated plaintiff's First Amendment rights when they refused to provide him with a grievance form upon request.

Teresa Hicks, the Rules and Grievance Coordinator and Minority Affairs Officer at the Snake River Correctional Institution ("SRCI"), attests that on November 24, 2004, she received an Inmate Discrimination Complaint Form (R04-12-010) from plaintiff alleging that defendants were discriminating against him by housing him with a white supremacist. Defendants' Exhibit 101 (Affidavit of Teresa Hicks), p. 3, ¶ 12. In his Discrimination Complaint, plaintiff alleged that he had spoken to defendants Arnold and Shebondy about the problem, and that he had sent "numerous kytes," including one to defendant Rodriguez on October 6, 2004 and Assistant

4 - FINDINGS AND RECOMMENDATION

Superintendent S. Franke on November 23, 2004.  Defendants' Exhibit 101, Attachment No. 5.

Ms. Hicks returned plaintiff's Discrimination Complaint on December 21, 2004 with a letter explaining that he could not make out a complaint of discrimination because housing assignments at SRCI are not made on the basis of race.  Defendants' Exhibit 101, Attachment No. 6.  In that same letter, Ms. Hicks advised plaintiff that issues regarding housing should be brought to the attention of the Housing Officer for review.  She also noted:  (1) the absence of "numerous communications" on file regarding plaintiff's concern; and (2) the fact that defendant Rodriguez had responded to a communication from plaintiff in the first part of December.  Id. According to Ms. Hicks, plaintiff never sought clarification of her response to his Discrimination Complaint or availed himself of further review.  Defendants' Exhibit 101, p. 4, ¶ 15.

Next, on January 6, 2005, plaintiff filed a Grievance Appeal Form (2005.01.007.Rej) repeating the allegations contained in his Discrimination Complaint and claiming that he had spoken to prison personnel about the problem, sent three kytes with no response, and filed a Discrimination Complaint.  Defendants' Exhibit 101, Attachment No. 4, p. 2.   Plaintiff's Grievance Appeal was not proper because: (1) he had not otherwise engaged in the grievance process; and (2) appeals within the discrimination system must be directed to a person who is not under the supervision or control of

5 - FINDINGS AND RECOMMENDATION

the functional unit to which the inmate is assigned, whereas grievance appeals are sent directly to the functional unit manager. OAR 291-006-015(2)(c); OAR 291-109-0140(4).

On January 11, 2005, Ms. Hicks returned plaintiff's Grievance Appeal Form without action informing him that "[he] cannot appeal a returned complaint." Defendants' Exhibit 101, Attachment No. 4. She did, however, send a copy of plaintiff's paperwork to the Shift Sergeant and the Security Manager in plaintiff's housing unit. Id.

Plaintiff was transferred to the Oregon State Penitentiary ("OSP") on April 22, 2005. Aaron J. Bales, the Grievance Coordinator at OSP, attests that on September 14, 2005, he received a formal Grievance Form from plaintiff alleging that: (1) defendants continued to house him with dangerous inmates; (2) defendants' actions led to his assault by a cellmate in March of 2005 (presumably when he was still an inmate at SRCI); (3) he had promptly and repeatedly notified staff of the danger he was in; (4) he had spoken to his counselor; and (5) he had sent a communication form to G. Long on September 1, 2005 with no response. Defendants' Exhibit 102 (Affidavit of Aaron J. Bales), Attachment No. 3.

On September 22, 2005, Mr. Bales returned plaintiff's Grievance Form unprocessed indicating that plaintiff had failed to comply with the pre-grievance rule requiring him to demonstrate that he had attempted to solve the problem informally before filing a Grievance

Form (as is required by the ODOC Grievance Rule (OAR 291-109-0140(1)(b)). Defendants' Exhibit 102, Attachment No. 4. Thereafter, plaintiff failed to cure the deficiencies noted in the Grievance Return or to submit any further Grievance Forms related to issues of failure to protect or failure to provide Grievance Forms. Defendants' Exhibit 102, p. 3, ¶ 11.

On November 1, 2005, plaintiff filed an Inmate Discrimination Complaint alleging that defendant Gore had not responded to his October 18, 2005 communication form, and refused to either speak to plaintiff or give him a "Grievance; CD-28." Defendants' Exhibit 102, Attachment No. 5. To this Complaint, plaintiff attached copies of two unanswered communications sent to defendant Gore. In one, dated October 18, 2005, plaintiff contended that when he tried to discuss an incident involving the delivery of opened legal mail, defendant Gore ignored him and refused his requests for a Grievance Form and a CD-28. Id., p. 2. In the other communication, dated October 31, 2005, plaintiff asked defendant Gore to provide a written response to his October 18, 2005 communication. Id., p. 3.

On November 28, 2005, Investigator M. Dodson returned plaintiff's Discrimination Complaint unprocessed with a letter explaining that plaintiff's Complaint: (1) failed to specify what protected class of person he was filing it under; and (2) did not rise to the level necessary to qualify as discrimination.

7 - FINDINGS AND RECOMMENDATION

Defendants' Exhibit 102, Attachment No. 7. Dodson indicated that plaintiff's concerns may be better addressed using the grievance process. Id. Dodson also offered to assist plaintiff in the preparation of a properly completed complaint. Id. Plaintiff did not avail himself of this opportunity. Defendants' Exhibit 102, p. 5, ¶ 16.

In a section of his Amended Complaint titled "EXHAUSTION OF REMEDIES," plaintiff asserts that he:

> (1) filed Complaints Communication forms to officers, SGT, capt, security managers and superintendents. (2) filed grievance forms (3) filed grievance appeal forms (4) filed discrimination complaints (5) filed complaints and notice of tort claim to ODOC Administrator 2575 Center Street NE Salem Oregon 97301-4667 and Risk Management 1225 ferry Street SE U150 Salem OR 97301-4287 to not avail.

Plaintiff's Amended Complaint (docket #23), p. 5.

In addition, plaintiff sets forth a list of Exhibits (EXB 1-5) apparently referencing, by date and document number, all of the grievances, discrimination complaints, grievance appeals, communication forms and an Emergency Room report that he has filed in conjunction with the claims raised in his Amended Complaint. Id at 5-6. However, no actual exhibits were attached to plaintiff's Amended Complaint and the court has no way to verify the existence of the referenced documents or to evaluate their content.

Moreover, upon closer examination, the court notices duplication of some entries, as well as the fact that plaintiff's only reference to a Grievance Appeal is to the same January 6, 2005

8 - FINDINGS AND RECOMMENDATION

Grievance Appeal discussed in Ms. Hicks' affidavit. This Grievance Appeal Form was returned to plaintiff unprocessed because he improperly attempted to use it to appeal the rejection of his Discrimination Complaint. Thus, even assuming the existence and validity of all of the documents referenced in plaintiff's Amended Complaint, he still fails to allege exhaustion of his administrative remedies.

To summarize, plaintiff submitted two Discrimination Complaints which were returned unprocessed because the concerns he raised in those Complaints did not fit within the discrimination rubric and/or he failed to satisfy the pleading requirements of a Discrimination Complaint. Despite defendants' provision of explanations for why those Complaints were returned unprocessed, plaintiff failed to seek further review or to correct their noted deficiencies. Plaintiff filed one Grievance Appeal which was returned unprocessed as an improper attempt to appeal the return of his November 2004 Discrimination Complaint. Finally, plaintiff filed one initial formal Grievance Form (involving his alleged dangerous housing situation at OSP) which was returned unprocessed because plaintiff failed to attach the original or a copy of the required inmate communication evidencing his attempt to resolve his concerns informally. Though defendants' response specifically indicated the shortcomings of his Grievance Form, plaintiff did not attempt to

9 - FINDINGS AND RECOMMENDATION

mend the deficiency so as to comply with the applicable administrative procedures.

For all of the foregoing reasons, the court finds that plaintiff failed to properly exhaust his administrative remedies as is required under the PLRA. Accordingly, defendants' Unenumerated 12B Motion to Dismiss for Failure to Exhaust should be granted and this case should be dismissed without prejudice. See Wyatt, 315 F.3d at 1120 ("If the district court concludes that the prisoner has not exhausted his non-judicial remedies, the proper remedy is dismissal of the claim without prejudice.").

## RECOMMENDATION

Based on the foregoing, defendants' Unenumerated 12B Motion to Dismiss for Failure to Exhaust (#33) should be GRANTED and judgment should be entered DISMISSING this case without prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due **August 18, 2006**. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

10 - FINDINGS AND RECOMMENDATION

**NOTICE**

Failure to timely file objections to any of these findings will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in any order or judgment entered by a district judge.

This Findings and Recommendation is not is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of judgment.

DATED this <u>31st</u> day of July, 2006.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge